**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TONY C. SALKELD,                  :
        Plaintiff                :
    v.                            :         3:05-CV-0225
                                  :
FRANKLIN TENNIS, et al.,          :         JUDGE VANASKIE
        Defendants              :

### MEMORANDUM

Pro se Plaintiff, Tony Salkeld, an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"), commenced this civil rights action pursuant to 42 U.S.C. § 1983, claiming he was denied his constitutional right of access to the courts. Specifically, Mr. Salkeld complains that Defendants, members of SCI-Rockview's staff, refused to advance him postage in order for him to timely file a concise statement of matters complained of on appeal as ordered by a Pennsylvania Court of Common Pleas. Defendants have moved to dismiss this action.

In a Report and Recommendation ("R&R") filed on February 22, 2006 (Dkt. Entry 45), United States Magistrate Judge Malachy Mannion, to whom this matter had been referred, recommended that Defendants' motion be granted because Mr. Salkeld's allegations did not constitute a deprivation of his constitutional right of access to the courts.[1] On April 10, 2006,

---

[1] The R&R also suggested that the suit against Defendants in their official capacities was barred by Eleventh Amendment immunity, and that the Amended Complaint did not adequately allege personal involvement of Defendant Tennis to support a viable claim against him. (R&R (Dkt. Entry 45) at 14-16.) Because the Court adopts the Magistrate Judge's recommendation that Mr. Salkeld fails to state a viable claim, these other matters need not be addressed.

Mr. Salkeld filed objections to the R&R.  (Dkt. Entry 53.)  His three objections are that: (1) Defendants' motion to dismiss should have been dismissed as untimely filed (id. at 3-4);[2] (2) the Magistrate Judge applied too stringent a standard in assessing Plaintiff's failure to anticipate postage requirements (id. at 4-7); and (3) the Magistrate Judge erred in concluding that Plaintiff failed to state a claim of a deprivation of his right of access to the courts (id. at 7-9).  Defendants filed a response to Plaintiff's objections on April 24, 2006.  (Dkt. Entry 54.)

Having given de novo consideration to the arguments advanced by Mr. Salkeld, I find that he failed to allege an actionable claim.  Accordingly, the Report and Recommendation of Magistrate Judge Mannion will be adopted and Defendants' motion to dismiss will be granted.

Mr. Salkeld also filed a motion to restrain SCI-Rockview from opening "privileged" mail concerning legal issues.  (Dkt. Entry 18.)  He has failed to file a brief in support of his motion.  Consequently, the motion will be dismissed without prejudice for failure to abide by Local Rule 7.5, which provides that "if supporting legal briefs are not filed within the time provided in this rule such motion shall be deemed to be withdrawn."

---

[2] Mr. Salkeld has made several attempts to strike Defendants' motions to dismiss.  (Dkt. Entries 20, 23, 26, 39.)  These motions have either been denied by Magistrate Judge Mannion (Dkt. Entries 21, 41), or been rendered moot by the filing an amended complaint (Dkt. Entry 24).  Mr. Salkeld has filed a separate motion seeking reconsideration of Magistrate Judge Mannion's decision to deny his motion to strike Defendants' motion to dismiss.  (Dkt. Entry 43.)  Because the arguments presented in this motion are substantially the same as the arguments presented in Mr. Salkeld's objections to the R&R, they will be considered together in this opinion.

**DISCUSSION**

**A.  Plaintiff's Attempts to Strike Defendants' Motion to Dismiss**

Mr. Salkeld asserts that Defendants should be barred from pursuing their motion to dismiss because they failed to file court documents in a timely manner.  Specifically, Plaintiff claims that Defendants' brief in support of their first motion to dismiss was untimely, and that their motion to dismiss Plaintiff's amended complaint (Dkt. Entry 37) was also filed late.

As indicated in Magistrate Judge Mannion's Order dated May 13, 2005, Defendants' motion to dismiss Plaintiff's original complaint became moot when Plaintiff filed an amended complaint on June 7, 2005.  (Dkt. Entry 21.)  Consequently, Defendants' failure to timely file a brief in support of the motion is inconsequential..

Plaintiff's second claim fails because Defendants did timely file their motion to dismiss the amended complaint.  In an Order dated December 14, 2005, Magistrate Judge Mannion declared, "in accordance with Fed.R.Civ.P. 15(a), the defendants will have ten (10) days from the date of service of the amended complaint to file a response."  (Dkt. Entry 33.)  Mr. Salkeld filed a certificate of service on December 21, 2005.  (Dkt. Entry 35.)  Defendants filed a motion to dismiss the amended complaint on December 30, 2005 (Dkt. Entry 37), and a brief in support of the motion on January 9, 2006 (Dkt. Entry 38).  Both filings were timely. Accordingly, Mr. Salkeld's challenge to the timeliness of Defendants' submissions is without merit.  Moreover, he has failed to show that he was prejudiced by any delay in the filing of Defendants' motions and

briefs. Thus, the Magistrate Judge did not err in refusing to strike Defendants' papers.

## 2. Consideration of Plaintiff's Failure to Anticipate Postage Need

Mr. Salkeld's second objection to the R&R is that the Magistrate Judge "mistakenly applied [the] assumption of risk standard rather than [the] comparative negligence standard[ ] within the recommendation to dismiss." (Objections to R&R (Dkt. Entry 53) at 4.) The Magistrate Judge, however, did not apply either standard because negligent standards simply do not apply to the issue of whether Mr. Salkeld was deprived of his constitutional right of access to the courts. This objection, therefore, is without merit.[3]

## 3. Whether Mr. Salkeld was Deprived his Constitutional Right of Access to the Courts

Mr. Salkeld's final objection is that the Magistrate Judge mistakenly found that he was not deprived of his right of access to the courts. Mr. Salkeld asserts that he was denied his right of access to the courts when Defendants refused to advance him postage to allow him to timely file a concise statement as ordered by the Pennsylvania Court of Common Pleas.[4] (Am.

---

[3] Ignoring Mr. Salkeld's citations to negligent standards, he may be arguing that Defendants should have advanced him postage regardless of his "negligence" to plan for his postal needs. This argument is addressed while considering whether Mr. Salkeld was deprived of his right of access to the courts.

[4] The Pennsylvania court found that Mr. Salkeld waived his appellate rights when he did not timely file the requested statement. (Id. ¶ 16.) According to the records submitted by Mr. Salkeld, he had until July 26, 2004, to file the concise statement. (Pl.'s Br. Supp. Am. Compl. Ex. 2 (Dkt. Entry 25-3) (noting an order dated July 12, 2004, requiring Mr. Salkeld to file the statement "no later than fourteen (14) days after the entry of this order"). It therefore appears that Plaintiff's attempt to file the statement on July 27, 2004, would have been untimely

Compl. (Dkt. Entry 24) ¶¶ 6-18.)

It is well settled that "prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). "Meaningful access to the courts is the touchstone" of this right. Id. at 823 (quoting Ross v. Moffitt, 417 U.S. 600, 611, 612, 615 (1974)). This may require the state to shoulder expenses to ensure prisoners have meaningful access to the courts. Id. at 824. "This is not to say that economic factors may not be considered, for example, in choosing the methods used to provide meaningful access." Id. at 825. The inquiry is whether the prisoner is granted "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id.

Accordingly, a state must provide prisoners an opportunity to send legal papers. See id. This does not mean, however, that prisoners have a constitutional right to unlimited free

---

regardless of Defendants' actions. Consequently, Defendants' actions did not cause Plaintiff actual harm as required under a civil rights claim. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982). Plaintiff nonetheless alleges that the statement would have been timely filed if posted on July 27, 2004. (Am. Compl. (Dkt. Entry 24) ¶ 9.)

It remains doubtful that enforcement of the postage policy caused an untimely filing. Plaintiff did not file a request with prison officials to advance him postage until August 5, 2004. (Id. ¶ 12.) An inmate must make a request for a postage advance before prison officials may advance an inmate postage. (Policy Statement, Defs.' Br. Supp. Mot. Dismiss Ex. A-1 (Dkt. Entry 38-2) § VI.C.)  By August 5, 2004, though, Plaintiff's statement was already untimely. (See Order of the Court of Common Pleas, Venango County, Pennsylvania, Pl.'s Br. Supp. Am. Compl. Ex. 5 (Dkt. Entry 25-6) (waiving Mr. Salkeld's appeal because Mr. Salkeld's did not file the concise statement by July 30, 2004).)  Thus, it is doubtful that Plaintiff has sufficiently alleged that Defendants' actions caused actual harm to him.

postage. White v. White, 886 F.2d 721, 723 (4th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); Chandler v. Coughlin, 763 F.2d 110, 114 (2d Cir. 1985); Hoppins v. Wallace, 751 F.2d 1161, 1162 (11th Cir. 1985); Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir. 1978); Bach v. Coughlin, 508 F.2d 303, 307 (7th Cir. 1974). The question is whether a prisoner is denied a reasonable or meaningful opportunity to access the courts. Bounds, 430 U.S. at 825; White, 886 F.2d at 723; King, 814 F.2d at 568; Chandler, 763 F.2d at 114.

Defendants state that they refused to advance Mr. Salkeld postage in accordance with the Pennsylvania Department of Correction's inmate mail policy (policy number DC-ADM 803). Under the policy, an inmate is allowed to correspond with his attorney and public officials. (Policy Statement, Defs.' Br. Supp. Mot. Dismiss Ex. A-1 (Dkt. Entry 38-2) § VI.A.1.) Each month, an inmate may mail 10 one-ounce letters without cost. (Id. § VI.A.4.) In addition, an indigent inmate may receive an advance of up to $10.00 per month to pay the costs for legal mail. (Id. § VI.C.2.a.(1).) A non-indigent inmate must pay the postage for legal mail if it does not fall under his monthly allotment of 10 one-ounce mailings.

The policy defines an indigent inmate as:

> An inmate shall be deemed indigent if the combined balances of his/her facility account and any other accounts are $10.00 or less at all times during the 30 days preceding the date on which the inmate submits a request to a person designated by the Facility Manager. . . . Any inmate who has not made a good faith effort to manage his/her money so as to be able to pay the necessary costs

>        of litigation himself/herself is not indigent.

(Id. § IV.H.)

Mr. Salkeld attempted to mail his concise statement of matters complained of on appeal on July 27, 2004, but it was returned to him because he lacked sufficient funds in his account to pay the postage.[5] (Am. Compl. (Dkt. Entry 24) ¶¶ 8, 10.) Mr. Salkeld had 20 cents in his account at the time. (Inmate Account Listing, Pl.'s Br. Supp. Am. Compl. Ex. 9 (Dkt. Entry 25-10).) Mr. Salkeld continued to attempt to send the mail without adequate funds in his account, and it continued to be returned to him. (Am. Compl. (Dkt. Entry 24) ¶ 11.) On August 5, 2004, Plaintiff filed an inmate request form asking the prison staff to send his mail. (Id. ¶ 12.) Defendant Francis Doherty responded to Mr. Salkeld's request by stating he was "not permitted to anticipate postage charges for inmates who are not indigent." (Pl.'s Br. Supp. Am. Compl. Ex. 3 (Dkt. Entry 25-4).) Mr. Salkeld was not considered indigent because he had more than $10 in his account within the last 30 days. (Inmate Account Listing, Pl.'s Br. Supp. Am. Compl. Ex. 9 (Dkt. Entry 25-10).) Mr. Salkeld argues that Defendants' failure to advance him postage for his legal mail constituted a deprivation of his right of access to the courts.

Plaintiff, though, fails to allege how he was denied "meaningful access to the courts." Bounds, 430 U.S. at 823. Policy DC-ADM 803 did not block him from sending mail to an

---

[5] The complaint does not allege that Mr. Salkeld had free mailings remaining under the policy's monthly allotment of 10 free mailings. Mr. Salkeld, instead, claims he was denied his right of access to the courts when Defendants refused to advance him postage.

attorney or a public official (such as court personnel).  He was afforded 10 free mailings per month that could be used to send legal mail.  Because he had more than $10 in his account within the last 30 days, he was responsible for paying postage for legal mailings like any other litigant.  If he had not had a balance over $10 within the last 30 days, the state would have advanced him postage.  Courts have held similar mail policies to be constitutional. See, e.g. Hoppins, 751 F.2d at 1162 (holding that "the furnishing of two free stamps a week to indigent prisoners is (1) adequate to allow exercise of the right to access to the courts, and (2) adequate to allow a reasonable inmate to conduct reasonable litigation in any court"); Twyman, 584 F.2d at 358-60 (finding a similar stamp policy that only provided free postage for an indigent inmate (defined as an inmate with less than $5 in his account) was constitutional).  Prison officials may balance an inmate's right to use the mails and budgetary constraints, and a limit of 10 free mailings per month appears a reasonable accommodation of those competing interests. Gaines v. Lane, 790 F.2d 1299, 1308 (7th Cir. 1986).  Because Plaintiff fails to allege how Defendants denied him meaningful access to the courts, this Court will adopt the Magistrate Judge's recommendation and will dismiss Plaintiff's complaint.  An appropriate Order follows.

                    **s/ Thomas I. Vanaskie**
                    Thomas I. Vanaskie
                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TONY C. SALKELD,** | : | |
| Plaintiff | : | |
| v. | : | 3:05-CV-0225 |
| | : | |
| **FRANKLIN TENNIS, et al.,** | : | JUDGE VANASKIE |
| Defendants | : | |

## ORDER

**NOW, THIS 27th DAY OF SEPTEMBER, 2006**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation of Magistrate Judge Mannion (Dkt. Entry 45) is **ADOPTED**.

2. Defendants' motion to dismiss the amended complaint (Dkt. Entry 37) is **GRANTED.**

3. Plaintiff's motion to strike Defendants' motion to dismiss (Dkt. Entry 26) is **DISMISSED** as moot.

4. Plaintiff's motion for reconsideration of the denial of his motion to strike the motion to dismiss (Dkt. Entry 43) is **DENIED**.

5. Plaintiff's motion to restrain SCI-Rockview from opening "privileged" mail concerning legal issues (Dkt. Entry 18) is **DISMISSED, WITHOUT PREJUDICE**.

6. The Clerk of Court is directed to enter judgment in favor of Defendants, and to mark

this matter **CLOSED**.

                                        **s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge